Date Signed:
April 4, 2019



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| In re | Case No. 19-00089 |
|---|---|
| DAE HAN SHIPPING AGENCY, INC., | Chapter 7 |
| Alleged Debtor. | Re: Docket No. 7, 13 |

### ORDER DENYING ALLEGED DEBTOR'S MOTION TO DISMISS INVOLUNTARY PETITION AND PETITIONING CREDITOR'S MOTION FOR ORDER FOR RELIEF

Petitioning creditor H.Q. Inc. dba Aloha Products ("Aloha Products") has filed an involuntary chapter 7 petition against alleged debtor Dae Han Shipping Agency, Inc. ("Dae Han").[1] Dae Han has filed a motion to dismiss the involuntary petition[2] and Aloha Products has filed a motion for an order for relief.[3] I will deny both motions.

---

[1] Dkt. 1.

[2] Dkt. 7.

[3] Dkt. 13.

Only a person who is "a holder of a claim against [the alleged debtor] that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount" may file an involuntary bankruptcy petition.[4]

If the alleged debtor has fewer than twelve qualified creditors, a single such creditor may maintain an involuntary petition. Otherwise, three such creditors must file or join in the petition.[5]

If the alleged debtor "timely controverts" the petition, "after trial, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed, only if . . . the debtor is generally not paying such debtor's debts as such debts become due unless such debts are the subject of a bona fide dispute as to liability or amount . . . ."[6]

A claim is subject to a "bona fide dispute" if "there is an objective basis for either a factual or a legal dispute as to the validity of the debt."[7] In other words, "if there is either a genuine issue of material fact that bears upon the debtor's liability, or a meritorious contention as to the application of law to undisputed facts, then the

---

[4] 11 U.S.C. § 303(b).

[5] *Id.* § 303(b)(1), (2).

[6] *Id.* § 303(h)(1).

[7] *Liberty Tool & Mfg. v. Vortex Fishing Sys., Inc.* (*In re Vortex Fishing Sys., Inc.*), 277 F.3d 1057, 1064 (9th Cir. 2002) (quoting *In re Busick*, 831 F.2d 745, 750 (7th Cir. 1987)).

petition must be dismissed."[8]

In 2005, Congress amended section 303 by adding the phrase "as to liability or amount" after the phrase "bona fide dispute." Therefore, the dispute can relate to liability on the claim or the amount of the claim, and not just the validity of the debt.[9] This overrules prior decisions[10] holding that the dispute about the amount of a claim disqualifies the petitioning creditor only if the undisputed portion of the claim is less than the statutory minimum amount.[11]

To determine whether the alleged debtor is "generally not paying its debts as they become due," the court must examine the totality of the circumstances, taking a general view "of the debtor's financial condition and debt structure." It is not sufficient to "merely establish[] the existence of a few unpaid debts."[12]

Some courts hold that the bankruptcy court may dismiss an involuntary

---

[8] *In re Lough*, 57 B.R. 993, 997 (Bankr. E.D. Mich.1986) (quoted with approval in *In re Vortex Fishing Sys., Inc.*, 277 F.3d at 1064).

[9] *Reg'l Anesthesia Assocs. PC v. PHN Physician Servs., Inc.* (*In re Reg'l Anesthesia Assocs. PC*), 360 B.R. 466, 469 (Bankr. W.D. Pa. 2007); *In re Excavation, Etc., LLC*, 2009 WL 1871682 at *2 (Bankr. D. Or. June 24, 2009).

[10] *Focus Media, Inc. v. Nat'l Broad. Co.* (*In re Focus Media, Inc.*), 378 F.3d 916, 925-26 (9th Cir. 2004); *Chicago Title Ins. Co. v. Seko Inv., Inc.* (*In re Seko Inv., Inc.*), 156 F.3d 1005 (9th Cir. 1998).

[11] *In re Honolulu Affordable Hous. Partners, LLC*, 2015 WL 2203473, at *2 (Bankr. D. Haw. May 7, 2015).

[12] *In re Focus Media, Inc.*, 378 F.3d at 928-29, (citing *In re Vortex Fishing Sys., Inc.*, 277 F.3d at 1072 (quoting *Semel v. Dill* (*In re Dill*), 731 F.2d 629, 632 (9th Cir. 1984))).

petition based on the petitioning creditors' bad faith.[13] The Bankruptcy Appellate Panel of the Ninth Circuit has at least suggested, if not held, that bad faith is not a defense to an involuntary petition (although it may be relevant to an award of damages if the petition is dismissed).[14] Courts that have held that the bad faith defense exists have developed at least seven tests to identify bad faith. Most of those tests consider the petitioning creditors' intent and motives.[15]

The court may dismiss or suspend a voluntary or involuntary bankruptcy case "at any time if . . . the interests of creditors and the debtor would be better served by such dismissal . . . ."[16] In deciding whether to exercise this power, the court must examine the totality of the circumstances, and "must make specific and substantiated findings that the interests of the creditors and the debtor will be better served by dismissal . . . ."[17]

In this case, there are genuine factual issues about every aspect of the involuntary petition.

First, there are factual issues about whether Aloha Products' claim is subject to a

---

[13] 2 Collier on Bankruptcy ¶ 303.16[1] (Richard Levin & Henry J. Sommer eds. 16th ed.).

[14] *Marciano v. Fahs* (*In re Marciano*), 459 B.R. 27, 44-45 (B.A.P. 9th Cir. 2011), *aff'd,* 708 F.3d 1123 (9th Cir. 2013).

[15] 2 Collier on Bankruptcy ¶ 303.16[1] (Richard Levin & Henry J. Sommer eds. 16th ed.).

[16] 11 U.S.C. § 305(a)(1).

[17] *In re Macke Int'l Trade, Inc.*, 370 B.R. 236, 247 (B.A.P. 9th Cir. 2007).

U.S. Bankruptcy Court - Hawaii   #19-00089   Dkt # 32   Filed  04/04/19   Page 4 of 6

bona fide dispute.[18] Aloha Products has made its prima facie case; Dae Han's evidence and arguments, while thin, are enough to create a genuine issue.[19] Aloha Products' admitted failure to provide discovery as ordered in the state court collection action[20] counsels against a finding at this point that Aloha Products' claim is not subject to a bona fide dispute.

Second, there is a factual dispute about whether Dae Han has fewer than twelve creditors.[21]

Third, there is a factual dispute about whether Dae Han is generally paying its undisputed debts as those debts become due.

Finally, assuming that bad faith is a basis for dismissal of an involuntary petition under Ninth Circuit precedent, and depending on what test of bad faith is applicable, the issue of Aloha Products' good faith may present factual disputes. Similarly, the question of whether to abstain under section 305 also requires more factual development.

---

[18] *In re Vortex Fishing Sys., Inc.*, 277 F.3d at 1064 ("determination[] of whether there is a "bona fide dispute" for the purposes of 11 U.S.C. § 303 . . . is essentially a factual inquiry . . . .").

[19] I am mindful that the state court denied Aloha Products' motion for summary judgment on March 21, 2019. For two reasons, this is not sufficient, standing alone, to establish a bona fide dispute for purposes of § 303. First, the state court proceedings were held while the automatic stay was in effect. Therefore, its decision (even though apparently correct) was void. Second, the court's ruling rested mostly, if not entirely, on procedural grounds, and did not go to the merits of Aloha Products' claim. Dkt. 27-1 at 28.

[20] Dkt. 27-1 at 19.

[21] Dkt. 16-5 at 1-2; Dkts. 28, 29, 30, 31.

U.S. Bankruptcy Court - Hawaii   #19-00089   Dkt # 32   Filed  04/04/19   Page 5 of 6

The court will hold a scheduling conference on April 12, 2019, at 2:00 p.m. to fix a date for a trial on the involuntary petition and establish related dates and deadlines. In advance of the conference, counsel for the parties shall confer with each other, and with the courtroom deputy, in an attempt to agree upon a trial date.

END OF ORDER