Date Signed:
January 3, 2020



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| In re | Case No. 19-00089 |
|---|---|
| DAE HAN SHIPPING AGENCY, INC., | Chapter 7 |
| | Dkt. 67 |
| Alleged Debtor. | |

ORDER GRANTING ALLEGED DEBTOR'S
MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS

On January 24, 2019, HQ Incorporated, dba Aloha Products ("Aloha Products"), unaccompanied by any other creditors, filed an involuntary bankruptcy petition against Alleged Debtor Dae Han Shipping ("DHS"). The parties continued to litigate in state court after I granted suspension of the proceedings on April 18, 2019. On September 9, 2019, DHS brought a motion for termination of the suspension and reconsideration of its motion to dismiss the bankruptcy case. I dismissed the involuntary bankruptcy case by order dated September 26, 2019, but retained jurisdiction over the proceedings to grant recovery of DHS's attorneys' fees

and costs, and award punitive damages or damages proximately caused by the involuntary bankruptcy.[1]

DHS now requests an award of attorneys' fees and costs for work done as a result of Aloha Products' involuntary bankruptcy filing. At the December 2, 2019 hearing on DHS's motion for fees, I denied punitive damages and orally instructed DHS to submit revised time sheets for the period from the commencement of the bankruptcy case to its suspension and indicate the subject matter of all the tasks performed. On December 9, 2019, DHS submitted a revised schedule of fees substantially complying with my instructions. For reasons discussed below, I will GRANT DHS's request for attorneys' fees and costs with a few exceptions.

Aloha Products has failed to overcome the presumption in favor of an award of fees, particularly in view of the obvious deficiencies in the involuntary petition.[2] Bankruptcy courts use the lodestar method to assess the reasonable amount of attorneys' fees to be awarded.[3] This approach requires the court to multiply "the number of hours reasonably expended" by "a reasonable hourly rate" to find the

---

[1] Dkt. 60.

[2] *See Orange Blossom Ltd. P'ship v. Southern Cal. Sunbelt Developers, Inc.*, 608 F.3d 456, 465 (9th Cir. 2010). The state court had denied summary judgment on Aloha Products' claims, strongly suggesting that the claim was subject to a bona fide dispute, and Aloha Products offered no good evidence that DHS had fewer than twelve creditors so that only one creditor could maintain the petition under 11 U.S.C. § 303(b)(2).

[3] *In re Macke Intern. Trade, Inc.*, 370 B.R. 236, 254 (B.A.P. 9th Cir. 2007).

2

"lodestar."[4] The hourly rates charged by DHS are reasonable and consistent with market rates for comparable professionals.

In DHS's revised request, time expended in the state court proceedings during the pendency of the bankruptcy case are indicated by red font highlighted in yellow. I will deny the request as to these fees. The state court is better positioned to determine the reasonableness of the fees incurred in the state court proceedings. Awarding attorneys' fees in the state court case, even as a sanction for continuing litigation in violation of the automatic bankruptcy stay, might create inconsistency between this court and the state court. There is also no evidence that DHS ever raised the automatic stay in state court. Although the stay cannot be waived, DHS may have been able to limit its fees if it had raised 11 U.S.C. § 362. In addition, 1.5 hours of work logged by Attorney Lai on March 19, 2019, appears to be related to the state court litigation,[5] and should therefore be removed from the total award.

For those reasons, DHS's motion is GRANTED and DHS is hereby allowed and awarded $133,842.23.

END OF ORDER

---

[4] *Id.* (quoting *Law Offices of David A. Boone v. Derham-Burk (In re Eliapo)*, 468 F.3d 592, 598 (9th Cir. 2006)).

[5] Dkt. 80 at 13 (for preparation for Aloha Products' motion for summary judgment and work on a motion to quash subpoena).

U.S. Bankruptcy Court - Hawaii   #19-00089   Dkt # 82   Filed  01/03/20   Page 3 of 4