**Date Signed:**
**January 23, 2020**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>DAE HAN SHIPPING AGENCY, INC.<br><br>                Alleged Debtor. | Case No.: 19-00089<br>Chapter 7<br><br>Re: Docket No. 88 |

### ORDER DENYING MOTION FOR RECONSIDERATION

      Petitioning Creditor H.Q., Incorporated filed a motion for reconsideration of the order granting alleged debtor's motion for award of attorneys' fees and costs entered on January 3, 2020 ("Motion"). The Motion seeks review under rule 60(b)(6) of the Federal Rules of Civil Procedure, made applicable by rule 9024 of the Federal Rules of Bankruptcy Procedure.

      To obtain relief under rule 60(b), the moving party must show entitlement to

one of the specified grounds for relief.[1] However, there is no unusual or extraordinary circumstance that would justify relief under Rule 60(b)(6).[2] Petitioning Creditor raised (or could have raised) all of its arguments in response to the fee motion. No unusual or extraordinary circumstances warrant reconsideration of the order. Therefore,

IT IS HEREBY ORDERED that the Motion is DENIED.

END OF ORDER

---

[1] The grounds for relief under Rule 60(b), Fed. R. Civ. P., are:
    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released, or discharged; its based on an earlier judgment that has been reversed or vacated; or applying its prospectively is no longer equitable; or
    (6) any other reason that justifies relief.

[2] There is a strong public interest that favors finality of rulings and relief under Rule 60(b)(6) is used sparingly and only under extraordinary circumstances. *In re International Fibercom, Inc.*, 503 F.3d 933, 941 (9th Cir. 2007) and *In re William*, 287 B.R. 787,792 (B.A.P. 9th Cir. 2002).

2

U.S. Bankruptcy Court - Hawaii   #19-00089   Dkt # 90   Filed   01/23/20   Page 2 of 2